IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENTES WEST,
#K-82893,

          **Plaintiff,**

vs.                                              **Case No. 16-cv-00987-SMY**

UNKNOWN PARTY
S. BEBOUT,

          **Defendants.**

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On August 29, 2016, this case was severed from another civil rights action Plaintiff Kentes West filed pursuant to 42 U.S.C. § 1983 against thirty-one defendants who allegedly violated his constitutional rights at Menard Correctional Center ("Menard") in 2015 and 2016. *See West v. Butler, et al.*, No. 16-cv-414-SMY (S.D. Ill. 2016) ("original case"). The instant case concerns whether an unknown person violated Plaintiff's rights when he destroyed his property, whether the same or another unknown person violated Plaintiff's rights when he charged Plaintiff money for the repairs of that property and whether Internal Affairs Officer Bebout violated his rights by making false statements about the damage to Plaintiff's property. (Doc. 1, p. 10). This case also concerns whether Bebout violated Plaintiff's rights when she allowed him to be housed next to a particular inmate at Menard. *Id.* Plaintiff seeks money damages. (Doc. 2, p. 38).

The instant case did not survive preliminary review under 28 U.S.C. § 1915A and this Court dismissed it without prejudice on December 12, 2016. (Doc. 7). However, Plaintiff was granted leave to file a First Amended Complaint on or before January 9, 2017 if he wished to re-

plead his claims against Defendants.  *Id.*  Plaintiff was warned that failure to file a First Amended Complaint would result in dismissal of the action and the assessment of a strike.  *Id.*

On December 19, 2016, Plaintiff filed a Motion to Voluntarily Dismiss this action. (Doc. 8).  He did not file a First Amended Complaint and, in fact, expressed his intention not to do so.  Seeking voluntary dismissal of the action at this early stage is Plaintiff's right.  *See* FED. R. CIV. P. 41(a)(1)(A)(i).

Accordingly, Plaintiff's Motion to Voluntarily Dismiss this case is **GRANTED**. The action is hereby **DISMISSED without prejudice**.  The Court will not assess a strike. However, Plaintiff's obligation to pay the filing fee for the action was incurred at the time the original action was filed.  Thus, the filing fee of $350.00 remains due and payable despite Plaintiff's request for voluntary dismissal.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998) (A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.).

**IT IS SO ORDERED.**

**DATED: January 3, 2017**

> s/ STACI M. YANDLE
> **STACI M. YANDLE**
> **United States District Judge**